UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JOHN DYKSTRA and Consolidated
Plaintiffs,

    Plaintiffs,

     v.

WAYLAND FORD, INC., a Michigan
corporation,

    Defendant.

Lead Case No. 1:02-CV-787

Hon. Richard Alan Enslen

Consolidated Case Nos. 1:02-CV-788, 1:02-
CV-789, 1:02-CV-790, 1:02-CV-797, 1:02-
CV-798, 1:02-CV-800, 1:02-CV-805, 1:02-
CV-806, 1:02-CV-807, 1:02-CV-810, 1:02-
CV-811, 1:02-CV-815, 1:02-CV-816, 1:02-
CV-838, 1:02-CV-848, 1:02-CV-849, 1:02-
CV-850, 1:02-CV-851, 1:02-CV-852, 1:02-
CV-863, 1:02-CV-877, 1:02-CV-908, 1:02-
CV-909, 1:02-CV-930, 1:03-CV-050, 1:03-
CV-119, 1:03-CV-128

**OPINION**

_____/

  This matter is before the Court on Plaintiff John Dykstra and Consolidated Plaintiffs' Objection
to United States Magistrate Judge Ellen S. Carmody's November 16, 2005 Order, which denied
Plaintiffs' Motion to Amend their Complaint.

## I.  BACKGROUND

  The issues in these consolidated cases have made there way to the Sixth Circuit Court of
Appeals and back by way of a companion case, *Daenzer v. Wayland Ford, Inc.*, 1:01-CV-133 (reported
at 134 Fed. Appx. 911 (6th Cir. 2005)).  A brief account of the litigation to date is necessary to resolve
Plaintiffs' Objection.

  Christine Daenzer filed a class action complaint alleging violations of the Truth in Lending Act
("TILA"), 15 U.S.C. § 1601 *et seq.*, and state law.  The Court eventually certified two different classes:
a TILA Class and a State-Law Class.  The parties moved for summary judgment and the Court found,

*inter alia*, that because Defendant violated TILA's section 1638(b), Plaintiffs were entitled to statutory damages under section 1640(a).

It was later determined that because Defendant held a negative net worth, Plaintiffs were not entitled to statutory damages as a TILA Class.  15 U.S.C. § 1640(a)(2)(B).  Therefore, the Court decertified the TILA Class.  The Court also ordered that its previous finding on TILA liability (that Defendant was liable for statutory damages) would serve as *res judicata* in any damage action by the individual class members.  Twenty-eight plaintiffs, with Dykstra as the lead Plaintiff and eventually consolidated under that name ("*Dykstra* Plaintiffs"), initiated individual actions against Defendant.  The Court entered Judgment against Defendant and it appealed.  The Court of Appeals reviewed *Daenzer* and *Dykstra* as a consolidated appeal.

While the consolidated appeal was pending, *Baker v. Sunny Chevrolet, Inc.*, 349 F.3d 862 (6th Cir. 2003) was decided.  In *Baker*, the Court of Appeals found—opposite of this Court—that a violation of section 1638(b) standing alone does not entitle Daenzer to an award of statutory damages under section 1640(a).  *Id.* at 871.  Based on *Baker*, the Court of Appeals reversed this Court's grant of summary judgment to Daenzer.  *Daenzer*, 134 Fed. Appx. at 916.  The Court of Appeals also held this finding was *res judicata* to the *Dykstra* Plaintiffs.

Now back in this Court, the *Dykstra* Plaintiffs seek leave to amend  their complaints to add claims of actual damages in lieu of statutory damages under TILA.  Judge Carmody received the *Dykstra* Plaintiffs' motion, heard oral argument, and ultimately found that they were not entitled to amend their complaints.  The *Dykstra* Plaintiffs' timely objected to Judge Carmody's ruling.[1]

---

[1] Defendant is incorrect in its belief to the contrary and is advised to consult Federal Rule of Civil Procedure 6(a) and (e).

## II.   STANDARD OF REVIEW

The Court reviews Judge Carmody's November 16, 2005 Order for clear error and to assure accordance of law.  FED. R. CIV. P. 72(a); W.D. MICH. LCIVR 72.3(a); 28 U.S.C. § 636(b)(1)(A).  In applying this standard, the Court, like any reviewing court, will not reverse Judge Carmody's Order simply because the Court "would have decided the case differently."  *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985).  "Rather, a reviewing court must ask whether, based 'on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'"  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  It is the *Dykstra* Plaintiffs' task to convince this Court that such error resides in Judge Carmody's Order.

## III.   DISCUSSION

According to Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires after a responsive pleading has been filed, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and it is within the Court's discretion to determine when such leave is appropriate.  *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).  Despite Rule 15(a)'s mandate of lenity, "the party requesting leave to amend must 'act with due diligence if it wants to take advantage of the rule's liberality.'"  *Parry*, 236 F.3d at 306 (quoting *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995)).  Leave to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

When amendment is sought at a late stage in the litigation, such as the case today, the movant has an increased burden to show justification for failing to so move earlier, *Wade*, 259 F.3d at 459 (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999), and less is required of the non-moving party to show prejudice. *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994). Substantial prejudice to the non-moving party is of critical importance. *Wade*, 259 F.3d at 458-59. Moreover, when case management deadlines to amend have long since passed, the movant must show also good cause to amend. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).[2]

In their Objection, the *Dykstra* Plaintiffs argue this: when the Court decertified the TILA class and applied its prior liability findings as *res judicata* in the *Dykstra* Plaintiffs' individual actions, that became the law of the case and it is now unfair to deny them leave to amend their complaints.

Upon review, the Court finds that the law-of-the-case doctrine does not lend any support to the *Dykstra* Plaintiffs' Objection or show good cause for failing to move to amend earlier. The Court never previously found that the *Dykstra* Plaintiffs were precluded from seeking actual damages. The Court merely held that it would not revisit the issue of Defendant's statutory liability as *res judicata*. Therefore, there was never any law-of-the-case established that *prevented* the *Dykstra* Plaintiffs' from claiming actual damages. 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 4478 (2nd ed. 2002). A decision on one issue does not ordinarily imply decision of another to create the law-of-the-case. *Id.* Thus, nothing prevented the *Dykstra* Plaintiffs from seeking actual damages.

The *Dykstra* Plaintiffs' decided to pursue statutory damages—which was entirely prudent and advisable at that time—because they perceived statutory recovery as the most lucrative. Although that

---

[2] The case management order in *Daenzer* required motions to amend the pleadings by July 23, 2001. The *Dykstra* case management order required such motions by March 12, 2003.

-4-

theory of recovery was later foreclosed by the Court of Appeals, that alone does not constitute good cause for failing to move to amend earlier.  Consequently, the Court finds that the *Dykstra* Plaintiffs have not sustained their burden of showing good cause to amend their complaints.  *Wade*, 259 F.3d at 459.

Furthermore, Defendant would be substantially prejudiced by allowing the *Dykstra* Plaintiffs to amend their complaints almost five years after the *Daenzer* litigation began.  Defendant has already litigated the *Daenzer* case—and derivatively the *Dykstra* case—through class certification, class decertification, multiple summary judgment motions, and on appeal before the Sixth Circuit.[3]  The Court finds that the *Dykstra* Plaintiffs chose their path for TILA recovery, had their bite at the apple (which unfortunately eventually left a bitter taste), and will not get another.  As a result, the Court cannot say that Judge Carmody's decision denying the *Dykstra* Plaintiffs leave to amend their complaints was clearly erroneous or contrary to law.

## IV.    CONCLUSION

Therefore, the *Dykstra* Plaintiffs' Objection to United States Magistrate Judge Ellen S. Carmody's November 16, 2005 Order will be denied. An Order consistent with this Opinion shall issue.

```
                                        /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:                 RICHARD ALAN ENSLEN
      January 30, 2006                  SENIOR UNITED STATES DISTRICT JUDGE
```

---

[3] The *Dykstra* Plaintiffs believe that Defendant has committed no resources to discovery or preparation for trial due to the Court's earlier *res judicata* application from *Daenzer*.  This contention overlooks the fact that the outcome in *Daenzer* necessarily controlled the consolidated litigation in *Dykstra*.  Defendant has undeniably committed many resources in *Daenzer*, and therefore, derivatively to the *Dykstra* cases.